CAUSE # CR 7177
CR 2233

10-6-2015

To: Donald KAY McKinney
District Clerk
Bexar County

I LAQuint C. Sullivan, would like to vacate all post-conviction writs, Notice of Appeals that were filed on Sept 10, 2015/Sept 22, 2015, Under Court of Appeals No # 04-15-00493-CR. Petitioner wishes to raise a Non-complaint And would like to move forward with the 19 months that he plead Guilty to on July 14, 2015. It's already understood that Petitioner has no Right to Appeal and he wishes to keep it that way. There Fore Habeas Corpus Pursuant to Article 11.07 of the Texas Code of Criminal Procedure, Petitioner wishes to do away with any and all type of associations to that Article 11.07. Dismiss Rule 73. Petitioner does not want a New Trial. and never asked for one

Respectfully Submitted



IN THE COURT OF APPEALS
AT SAN ANTONIO, TEXAS
FILED
2015 OCT -7 PM 2:01
KEITH E. HOTTLE CLERK

## PLEA BARGAIN

I, the undersigned Defendant, together with my counsel and counsel for the State, agree that in exchange for the Defendant's agreement to plead guilty or nolo contendere, to allow the State to prove its case by means of written stipulations. The State may make recommendations regarding punishment; however, it is understood by all that even in the event the parties agree to recommend specific conditions and terms of community supervision or deferred adjudication or the length of supervision that such recommendations are not part of the formal plea agreement and are not binding on the Court. All parties understand and agree that the terms, conditions and length of supervision of community supervision or deferred adjudication are to be determined and assessed solely within the Court's discretion. It is further understood and agreed by the parties that in the event the Court assessed terms, conditions and or a length of supervision of community supervision or deferred adjudication different from those agreed to by the parties, that such difference shall not constitute grounds for setting aside the Defendant's plea in this cause. If the court grants deferred adjudication, the State does not recommend any term of years as part of the plea agreement. All parties agree that if deferred adjudication is subsequently revoked, Defendant may be sentenced to any term of years within the range of punishment provided by law for this offense.

It is mutually agreed and recommended by the parties:

_____ Prosecution to proceed only on Count(s) _____ Prosecution for lesser included offense of _____

_____ Defendant agrees that he has been previously convicted of one/two or more felonies for enhancement under 12.42 P.C.

_____ Class A Misdemeanor punishment with State jail Felony Conviction under 12.44 P.C.

__X__ Punishment to be assessed at 18 MONTHS SJF

__X__ Fine 1,000.00

_____ Affirmative Finding of Deadly Weapon or 3G offense. Defendant not eligible for supervision under CCP42.12,Sec.3

__X__ There is no application for community supervision/deferred adjudication.

_____ State will make no recommendation of Defendant's deferred adjudication/community supervision application. State reserves right to speak as to factual issues relevant to Defendant's punishment.

_____ State opposes community supervision/deferred adjudication.

_____ State recommends community supervision.

_____ State recommends deferred adjudication.

_____ Concurrent with: _____

__X__ Causes taken into consideration: 2015CR2233 (Tampering with Evidence)

_____ Restitution to be determined by the Court through the Community Supervision office or $_____

_____ Payable to victim in this cause number only: _____

_____ Payable to victims under: _____

_____ Other: _____

## WAIVER OF APPEAL

I understand that upon my plea of guilty or nolo contendere, where the punishment does not exceed that recommended by the prosecutor and agreed to by me, my right to appeal will be limited to only: (1) those matters that were raised by written motion filed and ruled on before trial, or (2) other matters on which the trial court gives me permission to appeal. I understand that I have this limited right to appeal. However, as part of my plea bargain agreement in this case, I knowingly and voluntarily waive my right to appeal under (1) and (2) in exchange for the prosecutor's recommendation, provided that the punishment assessed by the court does not exceed our agreement. In addition, if and when I am sentenced to the Texas Department of Criminal Justice on this case, I hereby request transfer to said institution.

| DEFENDANT | DATE 7/14/15 | COUNSEL FOR DEFENDANT |

The above terms constitute our agreement, and there are no agreements not set forth above. The Defendant and Counsel request the Court to follow the plea bargain.

| ASSISTANT DISTRICT ATTORNEY | ATTORNEY FOR DEFENDANT | DEFENDANT |

NOTE: The parties are not allowed to make binding agreements regarding the length of community supervision or the terms and conditions of community supervision, which are totally dependent upon the Court's discretion. The following recommendations do not constitute part of the formal plea agreement. However, the (State) (both parties) make the following non-binding recommendations:

_____ Community Supervision be granted for _____ years

_____ Treatment Alternative to Incarceration Program          _____ Days in Bexar County Jail or State Jail (circle one)

_____ Hours Community Service          _____ Substance abuse treatment facility

_____ Days Electronic Monitoring          _____ Zero Tolerance Bootcamp or State Bootcamp Program (circle one)

_____ No contact with _____

Other Punishment recommendations: _____

_____

_____

29

